# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------- X

PATRIARCH PARTNERS MANAGEMENT             :
GROUP, LLC, AND PATRIARCH PARTNERS        :
AGENCY SERVICES, LLC,                     :

                      Plaintiffs,    :

                                      :

          -against-                :

                                        :

SNELLING HOLDINGS, LLC, CORE              :
SOLUTIONS, LLC, SNELLING EMPLOYMENT,      :
LLC, SNELLING INVESTMENTS INC.,           :
SNELLING MEDICAL STAFFING, LLC,           :
SNELLING STAFFING, LLC, SNELLING          :
SERVICES, LLC, and SNELLING               :
EMPLOYMENT SOLUTIONS, LLC,                :

                    Defendants.    :

                                        :

-------------------------------------------------------------- X

Index No. _____

**SUMMONS**

To the above named defendants:

| | |
|---|---|
| Snelling Holdings, LLC | Core Solutions, LLC |
| Snelling Employment, LLC | Snelling Investments Inc. |
| Snelling Medical Staffing, LLC | Snelling Staffing, LLC |
| Snelling Services, LLC | Snelling Employment Solutions, LLC |

       You are hereby summoned to answer the complaint in this action and to serve a copy of

your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the Plaintiff's attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the amended complaint.

The basis of venue is Plaintiff's residence, which is 1 Liberty Street, New York, New York 10006, and a forum selection clause, pursuant to CPLR 501 and 503(d).

Dated:          July 6, 2020
                New York, New York

ALLEGAERT BERGER & VOGEL LLP

By:      /s/ David A. Berger
         David A. Berger
         John S. Craig
         Bianca Lin

111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550

*Attorneys for Plaintiff Patriarch Partners
Management Group, LLC and Patriarch Partners
Agency Services, LLC*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

PATRIARCH PARTNERS MANAGEMENT : 
GROUP, LLC, and PATRIARCH PARTNERS :
AGENCY SERVICES, LLC, :
: 
                         Plaintiffs, :
: 
           -against- :      Index No. _____
: 
: 
SNELLING HOLDINGS, LLC, CORE : **COMPLAINT**
SOLUTIONS, LLC, SNELLING EMPLOYMENT, :
LLC, SNELLING INVESTMENTS INC., :
SNELLING MEDICAL STAFFING, LLC, :
SNELLING STAFFING, LLC, SNELLING :
SERVICES, LLC, and SNELLING :
EMPLOYMENT SOLUTIONS, LLC, :
                       Defendants. :

--------------------------------------------------------------- X

        Plaintiffs Patriarch Partners Management Group, LLC ( "PPMG") and Patriarch

Partners Agency Services, LLC ("PPAS"), by and through its undersigned attorneys, Allegaert

Berger & Vogel LLP, as and for its Complaint against Defendants Snelling Holdings, LLC, Core

Solutions, LLC, Snelling Employment, LLC, Snelling Investments Inc., Snelling Medical

Staffing, LLC, Snelling Staffing, LLC, Snelling Services, LLC, and Snelling Employment

Solutions, LLC (collectively, "Defendants"), states upon knowledge with respect to its own acts

and status, and upon information and belief as to all other matters, as follows:

## <u>NATURE OF THE ACTION</u>

     1.       This is a straightforward action arising from Defendants' failure to pay Plaintiffs

amounts due and owing under two agreements.

1

2.      Defendants entered into a Management Services Agreement, dated November 20, 2010, as amended on September 21, 2015 (the "Agreement") for management and operational consulting and other services (and associated expenses).

3.      Defendants Snelling Staffing, LLC, Snelling Employment, LLC, and Snelling Services, LLC (the "Borrower Defendants") entered into an Amended and Restated Credit Agreement with certain lenders, and PPAS as agent, dated as of May 15, 2006 (the "Credit Agreement"), pursuant to which PPAS provided administrative agent services thereunder.  The Borrower Defendants agreed to pay PPAS an agency fee of $75,000 per year.

4.      Plaintiffs have duly performed under the MSA and the Credit Agreement, have made due demand of Defendants for the amounts outstanding thereunder to no avail, thereby necessitating commencement of this action for breach of contract and related relief.

## **THE PARTIES**

5.      Plaintiff Patriarch Partners Management Group, LLC is a Delaware limited liability company with its principal place of business in New York, New York.

6.      Plaintiff Patriarch Partners Agency Services, LLC is a Delaware limited liability company with its principal place of business in New York, New York.

7.      Defendant Snelling Holdings, LLC is a Delaware limited liability company with offices located in Dallas, Texas.

8.      Defendant Core Solutions, LLC is a Delaware limited liability company with offices located in Dallas, Texas.

9.      Defendant Snelling Employment, LLC is a Delaware limited liability company with offices located in Dallas, Texas.

Case 1:20-cv-06556-ALC Document 1-1 Filed 08/17/20 Page 6 of 19

10.     Defendant Snelling Investments Inc.is a corporation organized and existing under the laws of Texas with offices located in Dallas, Texas.

11.     Defendant Snelling Medical Staffing, LLC is a Delaware limited liability company with offices located in Dallas, Texas.

12.     Defendant Snelling Staffing, LLC is a Delaware limited liability company with offices located in Dallas, Texas.

13.     Defendant Snelling Services, LLC is a Delaware limited liability company with offices located in Dallas, Texas.

14.     Defendant Snelling Employment Solutions, LLC is a Delaware limited liability company with offices located in Dallas, Texas.

## PERSONAL JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over Defendants because, pursuant to Section 10 of the MSA and 11.8 of the Credit Agreement, respectively, Defendants have irrevocably submitted to the exclusive jurisdiction of the state or federal courts in the City of New York with respect to any action or proceeding arising out of or relating to each such agreement, and has waived any defense of an inconvenient forum to the maintenance of any such action.

16.     Venue is proper in New York County, pursuant to CPLR § 501 because in Section 10 of the MSA and in Section 11.8 of the Credit Agreement the parties elected such venue, and pursuant to CPLR § 503(a), in that Plaintiffs' principal places of business are in New York County, and a substantial part of the events or omissions giving rise to this action occurred in New York County.

## STATEMENT OF FACTS

### The Defendants' Breach of the MSA

17.　　Pursuant to the MSA, Defendants engaged PPMG to provide certain management, operational consulting and other services (the "MSA Services") to it, as specified in Section 1 of the MSA.  PPMG duly provided the MSA Services to Defendants for a period of more than nine years, commencing in or about November 2010.

18.　　PPMG regularly submitted invoices for the MSA Services it provided to Defendants, as well as for reasonable expenses incurred in connection therewith, which Defendants were obligated to pay under Section 3 of the MSA.  Defendants have never rejected, returned, or objected to any of the invoices, and, following due demand, has failed to pay 41 of them (the "MSA Invoices").  The total of the amount of the unpaid MSA Invoices is $4,235,276.21.

19.　　A summary of the outstanding MSA Invoices, with amounts that have been partially paid, is as follows:

| Invoice Amount | Amount Paid | Balance |
|---|---|---|
| $100,000.00 | $61,318.79 | $38,681.21 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $296.00 | $0.00 | $296.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |

| Invoice Amount | Amount Paid | Balance |
|---:|---:|---:|
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $2,897.00 | $0.00 | $2,897.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $65,614.00 | $44,000.00 | $21,614.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $100,000.00 | $0.00 | $100,000.00 |
| $371,788.00 | $0.00 | $371,788.00 |
| | **Total Due:** | **$4,235,276.21** |

20.    Defendants are also jointly and severally obligated under the terms of the MSA to indemnify PPMG for all costs, disbursements, and fees (including attorney's fees) in connection with this action because this action has been caused by, relates to, is based upon or otherwise arises out of or in connection with the engagement of PPMG under the MSA or in connection with MSA Services provided thereunder.

21.    PPMG has duly performed all obligations required of it under the MSA.

**The Borrower Defendants' Breach of the Credit Agreement**

22.     In the Credit Agreement PPAS was appointed as the administrative agent and Borrower Defendants specifically agreed to pay PPAS an "Agent Fee" of $75,000 every year for such administrative services ("Administrative Services").  Credit Agreement § 2.9.

23.     PPAS duly provided the Administrative Services under the terms of the Credit Agreement.

24.     Section 11.7 of the Credit Agreement further provided that "[n]o failure or delay by any party in exercising any right, power or privilege under this Agreement or any of the other Credit Documents will operate as a waiver of the right, power or privilege."

25.     The Credit Agreement is governed by New York law, § 11.10, and contains a forum selection provision requiring any action to be brought in either a state or federal court in New York, § 11.8.

26.     PPAS regularly submitted invoices for the Administrative Services it provided to Borrower Defendants.

27.     On March 1, 2019, PPAS sent Snelling Staffing an invoice for $75,000 for its agent fees ("Credit Agreement Invoice"). Borrower Defendants have never rejected, returned, or objected to the Credit Agreement Invoice.

28.     In breach of its clear obligations under the Credit Agreement, the Borrower Defendants have failed to pay PPAS agent fees in the amount of $75,000.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract on Behalf of PPMG Against all Defendants)**

29.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

30.     Under the terms of the MSA, Defendants were obligated to pay PPMG fees for, and to reimburse PPMG for reasonable expenses incurred in connection with, the MSA Services.

INDEX NO. 652923/2020

RECEIVED NYSCEF: 07/06/2020

Case 1:20-cv-06556-ALC Document 1-1 Filed 08/17/20 Page 10 of 19

31.     PPMG duly provided the MSA Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the MSA, and is thereby entitled to payment for the MSA Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the MSA.

32.     Defendants have failed to pay for the MSA Services rendered and reasonable expenses incurred therewith in an amount of at least $4,235,276.21, in material breach of the MSA.

33.     As a direct and proximate result of Defendants' material breach of the MSA, PPMG has suffered, and continues to suffer, injury, including damages of at least $4,235,276.21, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated on Behalf of PPMG Against all Defendants)

34.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

35.     PPMG provided the MSA Services to Defendants and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the MSA Invoices regularly submitted to Defendants.

36.     Defendants received and retained each such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

37.     As reflected in the MSA Invoices as to which Defendants never disputed, rejected returned or objected to, the amount due and owing to PPMG thereunder is $4,235,276.21, in addition to such other costs and damages to which it is entitled.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit on Behalf of PPMG Against all Defendants)

38.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

39.     Defendants were enriched by the MSA Services provided by PPMG, and by PPMG's payment of reasonable expenses incurred in connection therewith, to PPMG's detriment, as Defendants have failed to pay therefor.

40.     The circumstances thus make it inequitable for Defendants to retain the benefit of the MSA Services provided (and reasonable expenses incurred by PPMG Plaintiffs in connection therewith) without paying PPMG value in return.

41.     The fair value of the benefit of the MSA Services and expenses incurred by PPMG for the benefit of Defendants is at least $4,235,276.21which amount is now due and owing to PPMG in addition to interest, costs of suit (including attorney's fees) and such other appropriate damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract on Behalf of PPAS Against all the Borrower Defendants)

42.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

43.     Under the terms of the Credit Agreement, the Borrower Defendants were obligated to pay PPAS fees for, and to reimburse PPAS for reasonable expenses incurred in connection with, the Administrative Services.

44.     PPAS duly provided the Administrative Services and incurred reasonable expenses in connection therewith, and has otherwise performed all of its obligations under the Credit Agreement, and is thereby entitled to payment for the Administrative Services, reimbursement of its reasonable expenses incurred, and interest in connection therewith, all as provided for in the Credit Agreement.

45.     The Borrower Defendants have failed to pay for the Administrative Services rendered and reasonable expenses incurred therewith in an amount of at least $75,000, in material breach of the Credit Agreement.

46.     As a direct and proximate result of the Borrower Defendants' material breach of the Credit Agreement, PPAS has suffered, and continues to suffer, injury, including damages of at least $75,000, in addition to applicable interest, costs of suit (including attorney's fees) and other damages to which it is entitled.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Account Stated on Behalf of PPAS Against the Borrower Defendants)

47.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully stated herein.

48.     PPAS provided the Administrative Services to Borrower Defendants and incurred reasonable expenses in connection therewith, and duly presented its statement of account regularly as set forth in the Credit Agreement Invoice submitted to Borrower Defendants.

49.     Borrower Defendants received and retained such statement of account in the form of each invoice submitted, without any dispute, rejection, return, or objection made thereto or to any item set forth therein.

50.     As reflected in the Credit Agreement Invoice as to which Borrower Defendants never disputed, rejected returned or objected to, the amount due and owing to PPAS thereunder is $75,00, in addition to such other costs and damages to which it is entitled.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in favor of Plaintiffs and against Defendants, on each of Plaintiffs' causes of action, in addition to applicable interest, such incidental and consequential damages as may be applicable, costs of

Case 1:20-cv-06556-ALC   Document 1-1   Filed 08/17/20   Page 13 of 19

suit, including reasonable attorney's fees, and such other and further relief as the Court deems

just and proper.

Dated:   New York, New York
         July 6, 2020

                                ALLEGAERT BERGER & VOGEL LLP

                                By:    /s/ David A. Berger
                                        David A. Berger
                                        John S. Craig
                                        Bianca Lin

                                111 Broadway, 20th Floor
                                New York, New York 10006
                                (212) 571-0550

                                *Attorneys for Plaintiffs*
                                *Patriarch Partners Management Group, LLC and*
                                *Patriarch Partners Agency Services, LLC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

.................................................................x

PATRIARCH PARTNERS MANAGEMENT
GROUP, LLC, AND PATRIARCH
PARTNERS AGENCY SERVICES, LLC,

                                    Plaintiffs,                    Index No. 652923/2020

                    -against-                                     **AFFIDAVIT OF SERVICE**

SNELLING HOLDINGS, CORE SOLUTIONS,
LLC, SNELLINGS EMPLOYMENT, LLC,
SNELLING INVESTMENTS INC.,
SNELLING MEDICAL STAFFING, LLC,
SNELLING STAFFING, LLC, SNELLING
SERVICES, LLC, and SNELLING
EMPLOYMENT SOLUTIONS, LLC,

                                    Defendants.

.................................................................X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF QUEENS     )

          COLLINS V. BURGESS-JACKMAN, being duly sworn, deposes and says:

          I am over the age of eighteen (18) years and not a party to this action.  I reside at

112-18 204th Street, Saint Albans, New York 11412.  On July 17, 2020, I served by hand, true

and correct copies of the (1) Summons and Complaint, and (2) Notice of Electronic Filing, by

leaving said documents with Gina, a fair skinned Hispanic female, between 30 and 35 years old,

approximately 5ft. 5 inches tall, weighing between 130 and 140 pounds, employed as an intake

specialist at the Messenger Center and authorized to accept service on behalf of CT Corporation

System, the registered agent for Snelling Employment, LLC; Snelling Staffing, LLC; Snelling

Services, LLC and Snelling Medical Staffing LLC at the following:

          1.       Snelling Employment, LLC
                   c/o CT Corporation System – Registered Agent
                   28 Liberty Street, New York 10005

2.    Snelling Staffing, LLC
      c/o CT Corporation System – Registered Agent
      28 Liberty Street
      New York, New York 10005

3.    Snelling Services, LLC
      c/o CT Corporation System – Registered Agent
      28 Liberty Street
      New York, New York 10005

4.    Snelling Medical Staffing LLC
      c/o CT Corporation System – Registered Agent
      28 Liberty Street
      New York, New York 10005

On the 17th day of July 2020, I caused to be served via U.S. First Class Mail, postage prepaid, a

true and correct copy of the above-referenced documents for Snelling Employment, LLC;

Snelling Staffing LLC; Snelling Services LLC; Snelling Investments Inc.; and Snelling

Employment Solutions LLC at the following pursuant to that certain Amended and Restated

Credit Agreement dated as of May 15, 2006:

1.    Snelling Staffing LLC
      12801 North Central Expressway, Suite 700
      Dallas, TX 75243
      Attn: Chief Legal Officer

2.    Gardere Wynne Sewell LLP
      1601 Elm Street, Suite 300
      Dallas, Texas 75201
      Attn: Deirdre B. Ruckman, Esq.

_____

Collins V. Burgess-Jackman

Sworn to before me this
21st day of July 2020

_____
Notary Public

David Shaiman
Notary Public -- State of New York
No. 02SH6279331
Qualified in Kings County
My Commission Expires April 8, 2021

## AFFIDAVIT OF SERVICE

| Case:<br>652923/2020 | Court:<br>SUPREME COURT OF THE STATE OF NEW YORK | County:<br>NEW YORK, NY | Job:<br>4716566 (652923/2020) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>PATRIARCH PARTNERS MANAGEMENT GROUP, LLC AND<br>PATRIARCH PARTNERS AGENCY SERVICE, LLC | | Defendant / Respondent:<br>SNELLING HOLDINGS, LLC, CORE SOLUTIONS, LLC, SNELLING<br>EMPLOYMENT, LLC, SNELLING INVESTMENTS INC., SNELLING<br>MEDICAL STAFFING, LLC, SNELLING STAFFING, LLC, SNELLING<br>SERVICES, LLC, AND SNELLING EMPLOYMENT SOLUTIONS, LLC | |
| Received by:<br>A. P. S. PROCESS SERVICES | | For:<br>URBAN SUBURBAN CLAIM SERVICE | |
| To be served upon:<br>SNELLING INVESTMENTS INC. | | | |

I, Eric Harris, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** SNELLING INVESTMENTS INC., BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM, WHERE THE DOCUMENT WAS ACCEPTED BY LINDSEY BARRIENTEZ, INTAKE SPECIALIST, 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201

**Manner of Service:** Registered Agent, Jul 29, 2020, 1:45 pm

**Documents:** SUMMONS, COMPLAINT AND NOTICE OF ELECTRONIC FILING (Received Jul 29, 2020 at 1:30 pm)

### Additional Comments:
1) Successful Attempt: Jul 29, 2020, 1:45 pm at 1999 BRYAN ST., SUITE 900, DALLAS, TX 75201 received by SNELLING INVESTMENTS INC., BY DELIVERING TO ITS REGISTERED AGENT, CT CORPORATION SYSTEM, WHERE THE DOCUMENT WAS ACCEPTED BY LINDSEY BARRIENTEZ, INTAKE SPECIALIST. LINDSEY BARRIENTEZ'S DESCRIPTION IS: FEMALE, HISPANIC, APPROXIMATELY AGE: MID-20S, HEIGHT: 5'2", WEIGHT: 130-140 LBS, WITH BROWN HAIR AND BROWN EYES.

Eric Harris - Process Server          7-29-20
PSC-15954 Exp. 11/30/20               Date

A. P. S. Process Services
1910 Pacific Avenue, Suite 16700
Dallas, TX 75201
214-290-4639

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Ashlei Niccolle Lankford
Notary Public

7/29/20        2/21/22
Date          Date Commission Expires



ASHLEI NICCOLLE LANKFORD
MY COMMISSION EXPIRES
2/21/2022
NOTARY ID: 129720729

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

**Plaintiff / Petitioner:**

PATRIARCH PARTNERS MANAGEMENT GROUP, LLC AND
PATRIARCH PARTNERS AGENCY SERVICES, LLC

**Defendant / Respondent:**

SNELLING HOLDINGS, LLC, CORE SOLUTIONS, LLC, SNELLING
EMPLOYMENT, LLC, SNELLING INVESTMENTS INC., SNELLING
MEDICAL STAFFING, LLC, SNELLING STAFFING, LLC, SNELLING
SERVICES, LLC, AND SNELLING EMPLOYMENT SOLUTIONS, LLC

**AFFIDAVIT OF SERVICE**

Index No:
652923/2020

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA , PA 19123 . That on Tue, Jul 28 2020 AT 11:18 AM AT 1209 N ORANGE ST, WILMINGTON, DE 19801 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on CORE SOLUTIONS, LLC on the Registered Agent Corporation Trust Company

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** CORE SOLUTIONS, LLC a defendant, therein named, by delivering a true copy of each to Robin Huttbanks personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Intake Specialist/Authorized to accept service thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____ , and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____ .

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | | |
|---|---|---|---|---|---|
| Age: 60s | Ethnicity: African American | | Gender: Female | | Weight: 150 |
| Height: 5'6" | Hair: Brown | | Eyes: Brown | | Relationship: Intake Specialist |
| Other | | | | | |

Sworn to before me on _____

_____
MARTIN A ETTORRE

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

Case 1:20-cv-06556-ALC Document 1-1 Filed 08/17/20 Page 18 of 19

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

| Plaintiff / Petitioner: | **AFFIDAVIT OF SERVICE** |
|---|---|

**Plaintiff / Petitioner:**

PATRIARCH PARTNERS MANAGEMENT GROUP, LLC AND
PATRIARCH PARTNERS AGENCY SERVICES, LLC

**Defendant / Respondent:**

SNELLING HOLDINGS, LLC, CORE SOLUTIONS, LLC, SNELLING
EMPLOYMENT, LLC, SNELLING INVESTMENTS INC., SNELLING
MEDICAL STAFFING, LLC, SNELLING STAFFING, LLC, SNELLING
SERVICES, LLC, AND SNELLING EMPLOYMENT SOLUTIONS, LLC

**AFFIDAVIT OF SERVICE**

Index No:
652923/2020

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST SUITE 422, PHILADELPHIA , PA 19123 . That on Tue, Jul 28 2020 AT 11:15 AM AT 1209 N ORANGE ST, WILMINGTON, DE 19801 deponent served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on SNELLING EMPLOYMENT SOLUTIONS, LLC on the Registered Agent Corporation Trust Company

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** SNELLING EMPLOYMENT SOLUTIONS, LLC a defendant, therein named, by delivering a true copy of each to Robin Huttbanks personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Intake Specialist/Authorized to accept service thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The source of my information and the ground of my belief are the conversations and observations above narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| Age: 60s | Ethnicity: African American | | Gender: Female | | Weight: 150 |
|---|---|---|---|---|---|
| Height: 5'6" | Hair: Brown | Eyes: Brown | | | Relationship: Intake Specialist |
| Other | | | | | |

MARTIN A ETTORRE

Sworn to before me on _____

Notary Public

COMMONWEALTH OF PENNSYLVANIA

NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021

SUPREME COURT OF THE STATE OF NEW YORK                                                      COUNTY OF NEW YORK

---

**Plaintiff / Petitioner:**

PATRIARCH PARTNERS MANAGEMENT GROUP, LLC AND
PATRIARCH PARTNERS AGENCY SERVICES, LLC

**Defendant / Respondent:**

SNELLING HOLDINGS, LLC, CORE SOLUTIONS, LLC, SNELLING
EMPLOYMENT, LLC, SNELLING INVESTMENTS INC., SNELLING
MEDICAL STAFFING, LLC, SNELLING STAFFING, LLC, SNELLING
SERVICES, LLC, AND SNELLING EMPLOYMENT SOLUTIONS, LLC

**AFFIDAVIT OF SERVICE**

Index No:
652923/2020

---

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age and resides at 421 N 7TH ST
SUITE 422, PHILADELPHIA , PA 19123 . That on Tue, Jul 28 2020 AT 11:16 AM AT 1209 N ORANGE ST, WILMINGTON, DE 19801 deponent
served the within SUMMONS, COMPLAINT, AND NOTICE OF ELECTRONIC FILING on SNELLING HOLDINGS, LLC on the Registered Agent
Corporation Trust Company

☐ **Individual:** by delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person
described as said defendant therein.

☒ **Corporation:** SNELLING HOLDINGS, LLC a defendant, therein named, by delivering a true copy of each to Robin Huttbanks
personally, deponent knew said corporation so served to be the corporation described, and knew said individual to be Intake
Specialist/Authorized to accept service thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to _____ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, deponent was unable with due diligence to find defendant, or
a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Deponent also enclosed a copy of same, in a postpaid sealed wrapper properly addressed to said defendant at defendant's
last known residence, _____, and depositing said wrapper in a post office, official depository under the exclusive
care and custody of the United States Post Office, department, with New York State. Mailed on _____.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of
New York in any capacity whatever and received a negative reply. *Defendant wore ordinary civilian clothes and no military uniform.* The
source of my information and the ground of my belief are the conversations and observations above narrated. Upon information
and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in
either the State or in the Federal statutes.

**Description:**

Age: 60s          Ethnicity: African American                        Gender: Female              Weight: 150
Height: 5'6"           Hair: Brown              Eyes: Brown                         Relationship: Intake Specialist
Other

Sworn to before me on _____

_____                                    _____
MARTIN A ETTORRE                                           Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CHRISTINA GRIEB, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 1, 2021